2004 ME 26

Vickie JOHNSON

v.

S.D. WARREN CO. et al.

Supreme Judicial Court of Maine.

Argued: Feb. 12, 2004.

Decided: March 2, 2004.

Anna Priluck, Esq. (orally), James J. MacAdam, Esq., MacAdam Law Offices, P.A., Portland, for employee.

. Ivy L. Frignoca, Esq. (orally), H. Peter Del Bianco, Esq., Lambert Coffin, Portland, for employer.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

RUDMAN, J.

[¶ 1] The employee appeals from a decision of a hearing officer of the Workers' Compensation Board *(Sprague, HO )*, granting the employee's petition for award and awarding ongoing 100% partial incapacity benefits. The employee contends that it was error to permit the employer to take a credit pursuant to 39–A M.R.S.A. § 220 (2001), for federal Trade Readjustment Allowance (TRA) benefits received by the employee pursuant to the federal Trade Act of 1974, 19 U.S.C.A. §§ 2101–2495 (West 1999 & Supp.2003). We agree and vacate.

I. BACKGROUND

[¶ 2] The employee, Vickie Johnson, suffered a work-related shoulder and neck injury on April 25, 1997, while employed by S.D. Warren. Johnson returned to work in a light-duty capacity and was laid off in January 1999, as a result of plant-wide downsizing.

[¶ 3] Johnson filed a petition for award in 2002. The parties stipulated that the employee received twenty-six weeks of unemployment benefits from February to

August 1999, and an additional twenty-six weeks of benefits from September 1999 to February 2000. The parties further stipulated that Johnson received fifty weeks of TRA benefits from March 2000 to February 2001, which were utilized by the employee to attend Beal College in order to study medical transcription. She discontinued her education after a year, contending that her work injury interfered with her ability to complete her studies.

[¶ 4] The hearing officer granted the petition and awarded ongoing 100% partial incapacity benefits. The hearing officer also concluded that, pursuant to the unemployment benefit offset, contained in 39-A M.R.S.A. § 220, S.D. Warren is entitled to a credit for Trade Readjustment Allowance benefits.

[¶ 5] The hearing officer denied the employee's motion for further findings of fact and conclusions of law, and we granted the employee's petition pursuant to 39-A M.R.S.A. § 322 (2001).

## II. DISCUSSION

[¶ 6] In *Page v. Gen. Elec. Co.*, 391 A.2d 303, 309 (Me.1978), we held that, because the Workers' Compensation Act is uniquely statutory, the former Workers' Compensation Commission had no authority to authorize a setoff for unemployment benefits absent an express statute authorizing such a setoff. The statutory language authorizing employers to reduce their obligation to pay workers' compensation by the amount of unemployment benefits received by injured employees was originally enacted in 1979, following our decision in *Page. See* 39 M.R.S.A. § 62–A (1989), *repealed and replaced by* P.L.1991, ch. 885, §§ A–7, A–8.

[¶ 7] The current section 220 is substantially similar to its predecessor statute, former 39 M.R.S.A. § 62–A, *repealed and replaced by* P.L.1991, ch. 885, §§ A–7, A–8, and provides that compensation "to any employee for any period for which the employee is receiving or has received benefits under the Employment Security Law, Title 26, chapter 13, must be reduced by the amount of the unemployment benefits." 39-A M.R.S.A. § 220(1) (2001). Pursuant to the plain language of section 220, employers are entitled to reduce their obligation to pay benefits by the amount of unemployment benefits received pursuant to title 26, chapter 13. The hearing officer in the present case concluded that TRA benefits are "unemployment benefits" pursuant to title 26, chapter 13. We disagree.

[¶ 8] The purpose of TRA benefits is to provide a benefit to employees who lose their employment as a result of competition from foreign trade in order to pursue job retraining. 19 U.S.C.A. § 2296 (West 1999 & Supp.2003). *See generally, Int'l Union, United Auto., Aerospace and Agric. Implement Workers of Am. v. Brock*, 477 U.S. 274, 277, 106 S.Ct. 2523, 91 L.Ed.2d 228 (1986). The Maine Department of Labor is authorized to administer benefit payments under the Trade Act. *See* 19 U.S.C.A. § 2311(a) (West 1999). The statutory authorization for the Maine Department of Labor to administer the Trade Act is 26 M.R.S.A. § 2051 (1988), which is included in *chapter 26* of title 26. Therefore, contrary to the hearing officer's conclusion, TRA benefits are more properly understood to be benefits pursuant to *chapter 26*, not *chapter 13*.

[¶ 9] Moreover, the term "benefits" is defined for purposes of chapter 13 as "the money payments payable to an individual, *as provided in this chapter*, with respect to his unemployment." 26 M.R.S.A. § 1043(4) (1988). Therefore, the definition of unemployment benefits in chapter 13, is limited to benefits provided in chapter 13,

and does not appear to include TRA benefits pursuant to chapter 26.

[¶ 10] If the Legislature had intended to give employers a setoff for all benefits paid pursuant to title 26, regardless of the chapter, it would not have been necessary to limit the language expressly to benefits received pursuant to chapter 13. Because TRA benefits are paid pursuant to chapter 26 of title 26, we conclude that the hearing officer erred in concluding that TRA payments are "unemployment benefits," pursuant to title 26, chapter 13.

The entry is:

The decision of the hearing officer of the Workers' Compensation Board is vacated. Remanded to the Workers' Compensation Board for further proceedings consistent with the opinion herein.